**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

1  Valuation of Security    0  Assumption of Executory Contract or Unexpired Lease    0  Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Case No.: ____17-32405-JNP____

Rommel E. Laurencio and Christine E. Laurencio    Judge: ____Poslusny____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: ____04/05/2018____

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____ATA____    Initial Debtor: ____REL____    Initial Co-Debtor: ____CEL____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____784.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____05/01/2018_____ for approximately _____55_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

   ☒    Future earnings

   ☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

   ☐  Sale of real property
   Description:
   Proposed date for completion: _____

   ☐  Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☐  Loan modification with respect to mortgage encumbering property:
   Description:
   Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,810.00 |
| INTERNAL REVENUE SERVICE | FEDERAL INCOME TAX | $16,000.00 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:   Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| HomeBridge Financial Services, Inc. | 1467 North Valley Ave | $22,703.61 | | $22,703.61 | $2,000.00 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| OceanFirst Bank | 1467 North Valley Ave | $15,977.84 | $237,000.00 | $266,406.00 | $0.00 | | $0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Ally Financial

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

## Part 5: Unsecured Claims ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

    ☐ Not less than $ _____ to be distributed *pro rata*

    ☒ Not less than _____0_____ percent

    ☐ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Motor Credit Co | $0.00 | Automobile Lease | Reject | $0.00 |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| OceanFirst Bank | 1467 North Valley Ave | $15,977.84 | $237,000.00 | $266,406.00 | $0.00 | $15,977.84 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Andrew T. Archer, Esquire
3) Secured
4) Priority

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:** | **Modification** ☐ **NONE** |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtors can no longer afford to keep their vehicle. Mortgage arrears are higher than originally listed. | Debtors are surrendering/rejecting their leased vehicle. Listing the correct mortgage arrears. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

| **Part 10:** | **Non-Standard Provision(s): Signatures Required** |
|---|---|

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 04/05/2018                      /s/ Andrew T. Archer
                                      Attorney for the Debtor

Date: 04/05/2018                      /s/ Rommel E. Laurencio
                                      Debtor

Date: 04/05/2018                      /s/ Christine E. Laurencio
                                      Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 04/05/2018                                    /s/ Andrew T. Archer
                                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 04/05/2018                                    /s/ Rommel E. Laurencio
                                                    Debtor

Date: 04/05/2018                                    /s/ Christine E. Laurencio
                                                    Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-32405-JNP
Rommel E. Laurencio                                                     Chapter 13
Christine E. Laurencio
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1            User: admin                Page 1 of 2              Date Rcvd: Apr 16, 2018
                                Form ID: pdf901            Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 18, 2018.
db/jdb         +Rommel E. Laurencio,    Christine E. Laurencio,    1467 North Valley Ave,
                 Vineland, NJ 08360-2430
517160997      #+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
517160998      +Cap1/bstby,    PO Box 30285,    Salt Lake City, UT 84130-0285
517160999      +Capital Collection Ser,    20 E Taunton Rd # Bilg50,    Berlin, NJ 08009-2603
517161000      +Capital One,    Attn: General Correspondence/Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
517161001      +Cbna,    Po Box 6497,    Sioux Falls, SD 57117-6497
517161004      +Chase Card,    Attn: Correspondence Dept,    Po Box 15298,    Wilmington, DE 19850-5298
517325660      +HomeBridge Financial Services, Inc.,    c/o Cenlar FSB,    425 Phillips Blvd,
                 Ewing, NJ 08618-1430
517161007      +Inspira Medical Centers, Inc.,    PO Box 48274,    Newark, NJ 07101-8474
517161010      +Laboratory Corporation of America,    PO Box 2240,    Burlington, NC 27216-2240
517161013      +Lourdes Medical Associates,    PO Box 824626,    Philadelphia, PA 19182-4626
517161018      +PMAB, LLC,    4135 South Stream Blvd,    Suite 400,    Charlotte, NC 28217-4636
517161016      +Philadelphia Fed Cr Un,    12800 Townsend Rd,    Philadelphia, PA 19154-1095
517161019      +Remex,    307 Wall St,    Princeton, NJ 08540-1515
517235649      ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
               (address filed with court:  State of New Jersey,    PO Box 283,    Trenton, NJ 08602)
517161020      +South Jersey HS Emg Phys Sv, PA,    PO Box 740021,    Cincinnati, OH 45274-0021
517161021      +South Jersey Radiology,    PO Box 1710,    Voorhees, NJ 08043-7710
517161022      ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:  Toyota Motor Credit Co,    Po Box 8026,    Cedar Rapids, IA 52408)
517221120      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 16 2018 23:11:04      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 16 2018 23:11:02      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517160996      +E-mail/Text: ally@ebn.phinsolutions.com Apr 16 2018 23:10:24      Ally Financial,
                 Attn: Bankruptcy,    Po Box 380901,    Bloomington, MN 55438-0901
517189817       E-mail/Text: ally@ebn.phinsolutions.com Apr 16 2018 23:10:24      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
517359462      +E-mail/Text: bnc@bass-associates.com Apr 16 2018 23:10:24      Cavalry SPV I, LLC,
                 c/o Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd., Suite 200,    Tucson, AZ 85712-1083
517161003      +E-mail/Text: kzoepfel@credit-control.com Apr 16 2018 23:11:05      Central Loan Admin & R,
                 425 Phillips Blvd,    Ewing, NJ 08618-1430
517161005      +E-mail/Text: bankruptcy_notifications@ccsusa.com Apr 16 2018 23:11:47
                 Credit Collection Services,    725 Canton St,    Norwood, MA 02062-2679
517197503       E-mail/Text: mrdiscen@discover.com Apr 16 2018 23:10:26      Discover Bank,
                 Discover Products Inc.,    PO Box 3025,    New Albany, OH 43054-3025
517161006      +E-mail/Text: mrdiscen@discover.com Apr 16 2018 23:10:26      Discover Financial,    Po Box 3025,
                 New Albany, OH 43054-3025
517161009      +E-mail/Text: cio.bncmail@irs.gov Apr 16 2018 23:10:36      Internal Revenue Service,
                 Centralized Insolvency Operations,    PO Box 7346,    Philadelphia, PA 19101-7346
517161014      +E-mail/Text: rknorr@oceanfirst.com Apr 16 2018 23:11:34      OceanFirst Bank,    975 Hooper Ave,
                 Toms River, NJ 08753-8320
                                                                                               TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517161002*     +Cbna,    Po Box 6497,    Sioux Falls, SD 57117-6497
517161008*     +Inspira Medical Centers, Inc.,    PO Box 48274,    Newark, NJ 07101-8474
517161011*     +Laboratory Corporation of America,    PO Box 2240,    Burlington, NC 27216-2240
517161012*     +Laboratory Corporation of America,    PO Box 2240,    Burlington, NC 27216-2240
517161015*     +OceanFirst Bank,    975 Hooper Ave,    Toms River, NJ 08753-8320
517161017*     +Philadelphia Fed Cr Un,    12800 Townsend Rd,    Philadelphia, PA 19154-1095
                                                                                            TOTALS: 0, * 6, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-1           User: admin                Page 2 of 2                  Date Rcvd: Apr 16, 2018
                               Form ID: pdf901            Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2018                                      Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 5, 2018 at the address(es) listed below:
          Andrew Thomas Archer    on behalf of Debtor Rommel E. Laurencio aarcher@brennerlawoffice.com,
           bankruptcy@brennerlawoffice.com;r64966@notify.bestcase.com
          Andrew Thomas Archer    on behalf of Joint Debtor Christine E. Laurencio
           aarcher@brennerlawoffice.com, bankruptcy@brennerlawoffice.com;r64966@notify.bestcase.com
          Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa     ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa     on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor    HomeBridge Financial Services, Inc.
           rsolarz@kmllawgroup.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                            TOTAL: 8
```